UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-3-15
```

ZHONGWEI ZHOU, *et al.*,

　　　　　　　　　　　Plaintiffs,

　-v-

DOROTHEA WU, *et al.*,

　　　　　　　　　　　Defendants.

No. 14-cv-1775 (RJS)
<u>OPINION AND ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

　　　Plaintiffs Zhongwei Zhou, Weizhen Song, and Guangli Zhang (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, assert claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Labor Law ("NYLL"), and related state regulations against Defendants Dorothea Wu, Felix Wu, and Albert Wu (collectively, the "Individual Defendants") and China Fun Restaurants ("China Fun"), China 1221, Inc., doing business as China Fun ("China Fun East"), and XYZ Corporation, doing business as China Fun ("China Fun West") (together, the "Restaurant Defendants").　Now before the Court are (1) Defendants' motion to dismiss all claims brought by Plaintiffs Song and Zhang, and (2) Defendants China Fun's and China Fun West's motions to dismiss all claims against them.　For the reasons set forth below, Defendants' motions are granted in part and denied in part.

I. BACKGROUND[1]

　　　Plaintiffs are former delivery workers of China Fun East and China Fun West.　Specifically, Zhou worked at China Fun East from August 22, 2010 to March 31, 2013 (FAC ¶ 11); Song worked

---

[1] The facts are taken from Plaintiffs' First Amended Complaint, filed on July 3, 2014 (Doc. No. 23 ("Amended Complaint" or "FAC")).　In ruling on Defendants' motion, the Court has also considered Defendants' Memorandum of Law ("Mem."), Plaintiffs' Opposition ("Opp'n"), and Defendants' Reply ("Reply").

at China Fun East from May 16, 2006 to March 31, 2007 (*id.* ¶ 12); and Zhang worked at China Fun East from March 1, 2005 to December 5, 2006 and at China Fun West from December 6, 2006 to December 5, 2010 (*id.* ¶ 13).

Plaintiffs allege that they first became aware of their rights to a minimum wage and overtime pay under the FLSA and the NYLL at the end of May 2013. (*Id.* ¶ 138.) At that time, they provided their names and claims to Defendants through Rule 26(a) disclosures in the related action, *Sun, et al. v. China 1221, Inc., doing business as China Fun, et al.*, No. 12-cv-7135 (RJS) (the "Related Action"), even though they were never added as plaintiffs in the Related Action. (*Id.* ¶ 139.) Plaintiffs subsequently filed the first complaint in this action on March 14, 2014. (Doc. No. 2.) In the Amended Complaint, Plaintiffs, on behalf of themselves and all current and former employees of China Fun since 1998, assert various wage-and-hour claims under the FLSA and NYLL, as well as a claim for unjust enrichment under New York law. (FAC ¶¶ 9, 17, 19, 21.) Specifically, Plaintiffs claim that Defendants knowingly and willfully failed to pay them their earned minimum wages and overtime wages and failed to adhere to relevant state and federal laws which require employers to post notices about Plaintiffs' rights under the FLSA and NYLL. (*Id.* ¶¶ 25–26, 75–78, 140.)   On July 17, 2014, Defendants filed motions to dismiss (i) all claims against Defendants China Fun and China Fun West on the ground that Plaintiffs failed to allege facts establishing that they were Plaintiffs' employer as defined by the FLSA, and (ii) all claims asserted by Song and Zhang on the ground that they are time-barred and not subject to equitable tolling. (Doc. No. 26.) Plaintiffs submitted their opposition on July 29, 2014 (Doc. No. 31), and Defendants submitted their reply on August 5, 2014 (Doc. No. 34).

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns,*

*Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet this standard, plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns*, 493 F.3d at 98. However, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id*. at 570.

### III. DISCUSSION

#### A. Employer Status of the Restaurant Defendants

Defendants seek to dismiss China Fun and China Fun West from this action because Plaintiffs have failed to establish that either China Fun or China Fun West was Plaintiffs' employer. In order to assert a claim under the FLSA, a plaintiff must identify his employer. *See* 29 U.S.C. § 207(a); *see also id* § 203(d) (defining an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee").[2] In their Amended Complaint, Plaintiffs fail to distinguish among the actions of the Restaurant Defendants, merely claiming that China Fun has its principal places of business at the China Fun East and China Fun

---

[2] This analysis under the FLSA also applies to the NYLL claims. *See Hart v. Rick's Cabaret Int'l Inc.*, No. 09-cv-3043 (JGK), 2010 WL 5297221, at *2 (S.D.N.Y. Dec. 20, 2010) ("Courts applying both the FLSA and the New York Labor Law have concluded that the standards by which a court determines whether an entity is an 'employer' under the FLSA also govern that determination under the New York labor law.").

West locations and that China Fun is "organized and existing under [those] two corporations." (FAC ¶¶ 14, 17.)  They also state that both Song and Zhou worked at China Fun East (*id.* ¶¶ 11–12) and that Zhang worked at both China Fun East and China Fun West (*id.* ¶ 13).  Aside from these few allegations, the rest of the Amended Complaint alleges actions on behalf of China Fun or Defendants generally without any further distinctions.  (*See, e.g.*, *id.* ¶¶ 25–26, 45–59.) Drawing all reasonable inferences in favor of Plaintiffs, the Court finds that Plaintiffs have alleged sufficient facts to support an inference that both China Fun East and China Fun West were the employers of at least some of the Plaintiffs who worked as delivery workers at these locations. However, with respect to China Fun, the Court finds that Plaintiffs have failed to allege sufficient facts to establish that China Fun was the direct employer of any of the Plaintiffs.

Plaintiffs nevertheless argue that it may assert claims against China Fun because China Fun acted as a joint employer of Plaintiffs.  (Opp'n at 11.)  A joint-employer relationship allows an employee, who is formally employed by one entity and constructively employed by another entity, to assert FLSA and NYLL claims against both the actual and constructive employers.  *See Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005); *see also Clinton's Ditch Coop. Co. v. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985) ("A conclusion that employers are 'joint' assumes that they are separate legal entities, but that they have merely chosen to handle certain aspects of their employer-employee relationships jointly.").  To determine whether a particular defendant acted as a joint employer, courts have applied the "economic reality" test, which considers whether the defendant "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Zheng v. Liberty Apparel Co.*, 355

4

F.3d 61, 67 (2d Cir. 2003) (citation and internal quotation marks omitted).  Courts have also considered

> (1) whether [the alleged employer's] premises and equipment were used for the plaintiffs' work; (2) whether [plaintiffs' employer] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line-job that was integral to [the alleged employer's] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employer] or [its] agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominately for [the alleged employer].

*Id.* at 72.  When evaluating these factors, a court must consider whether a joint employer exercised "functional control over workers even in the absence of the formal control."  *Id.*

Here, the Amended Complaint alleges no facts about China Fun that meet either of the tests articulated in *Zheng*.  To the contrary, Plaintiffs' allegations against China Fun are wholly conclusory and support no inference of control over Plaintiffs.  As a result, the Court dismisses Defendant China Fun from this action.  *See Sampson v. MediSys Health Network, Inc.*, No. 10-cv-1342 (SJF) (ARL), 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (dismissing one defendant from the action because, while the "facts alleged may suggest some kind of affiliation among the defendants[,] . . . they are [in]sufficient to allege a joint employer relationship or that all defendants meet the definition of 'employer' under the FLSA").

### B.  Statute of Limitations

Plaintiffs argue that the statute of limitations on Song's and Zhang's claims have lapsed and that their claims against Defendants should be dismissed.  Although a statute of limitations defense is an affirmative defense that must ordinarily be asserted in a motion for summary judgment, a defendant may nevertheless assert such a defense on a motion to dismiss if it appears on the face of a complaint that Plaintiff's claims fall outside of the limitations period.  *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008); *see also* Fed. R. Civ. P. 8(c)(1)

(listing "statute of limitations" as an affirmative defense that can be raised on a motion to dismiss). The statute of limitations for a claim for unpaid minimum wages or unpaid overtime compensation under the FLSA is two years after the claim accrued or three years if the FLSA violation was willful. *See* 29 U.S.C. § 255(a). The statute of limitations for a wage claim under the NYLL, or the related New York State Department of Labor Regulations and the New York Codes, Rules, and Regulations ("NYCCR"), is six years. *See* N.Y. Lab. Law §§ 198(3), 663(3), 681(3). Finally, the statute of limitations for an unjust enrichment claim under New York law is six years. *See Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 518 (2d Cir. 2001) (citing N.Y. C.P.L.R. § 213(1)).

According to the Amended Complaint, Song stopped working at China Fun East on March 31, 2007. (FAC ¶ 12.) Therefore, his claims for any willful violation under the FLSA lapsed on March 31, 2010,[3] and his unjust enrichment claim and NYLL claims lapsed on March 31, 2013. Similarly, the Amended Complaint alleges that Zhang left China Fun East on December 5, 2006 and China Fun West on December 5, 2010. (*Id.* ¶ 13.) Therefore, Zhang's claims for any willful violation under the FLSA against China Fun East lapsed on December 5, 2009 and similar claims against China Fun West lapsed on December 5, 2013. Finally, Zhang's unjust enrichment claim and NYLL claims against China Fun East lapsed on December 5, 2012, and Zhang's unjust enrichment claim and NYLL claims against China Fun West for unpaid wages prior to March 14, 2008 lapsed before this action commenced on March 14, 2014.[4] Because Plaintiffs filed their first complaint in this action on March 14, 2014, all of Song's claims are time-barred, all of Zhang's FLSA claims are time-barred, and Zhang's NYLL and unjust enrichment claims against China Fun

---

[3] The Court's use of the three year statute of limitations period for the FLSA claims in this present motion does not mean that the Court has found that Defendants willfully violated the FLSA.

[4] Zhang's unjust enrichment claim and NYLL claims against China Fun West for unpaid wages on or after March 14, 2008 have not lapsed, and, therefore, those claims are timely.

East as well as those claims against China Fun West for unpaid wages prior to March 14, 2008 are time-barred (the "Time-Barred Claims").

## C.  Equitable Tolling

Because the statute of limitations has lapsed on the Time-Barred Claims, the claims will be dismissed unless Plaintiffs can establish the need for equitable tolling.  Equitable tolling allows courts to extend a statute of limitations on a case-by-case basis to prevent inequity.  *See Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000).  Equitable tolling is allowed only in "rare and exceptional circumstances" in which a party "is prevented in some extraordinary way from exercising his rights."  *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations and internal quotation marks omitted).  To establish the need for equitable tolling, a plaintiff must allege that (1) "he has been pursuing his rights diligently," and (2) "some extraordinary circumstance stood in his way and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks omitted).  When deciding whether a plaintiff acted with reasonable diligence under the circumstances, a court may consider (i) the party's "efforts at the earliest possible time to secure counsel," (ii) the party's lack of education or funds to consult a lawyer, and (iii) the party's "direct access to other forms of legal assistance." *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003).

The Court finds that this question of equitable tolling is a highly factual issue that cannot be resolved on the pleadings at this stage of the proceedings.  Instead, the Court will order limited discovery with respect to the factors listed above.  Accordingly, Defendants' motion to dismiss the Time-Barred Claims is denied.

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendant China Fun's motion to dismiss is GRANTED, and the Clerk of the Court is respectfully directed to dismiss

China Fun from this action.  IT IS FURTHER ORDERED THAT Defendant China Fun West's motion to dismiss for failure to allege an employer relationship is DENIED.  IT IS FURTHER ORDERED THAT Defendants' motion to dismiss claims brought by Plaintiffs Song and Zhang on statute of limitations grounds is DENIED; however, discovery with respect to Song and Zhang will be limited to the issue of equitable tolling.  The Court will set a discovery schedule and will provide further guidance on the issue of equitable tolling at the conference scheduled for March 18, 2015 at 2:00 p.m.  The Clerk of the Court is respectfully directed to terminate the motion located at docket number 25.

SO ORDERED.

Dated:      March 3, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE